# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

[These notes consist, in the main, of memoranda made by the Court in deciding the cases to which they relate.]

### THOMPSON v. LORD.

*Appeal from Hardin District Court.— Tuesday, December 2.*

CONTINUANCE: PRESUMPTIONS: NOTE ASSIGNED BY ADMINISTRATOR.

ACTION on a promissory note. The decision of the court was announced by—

WRIGHT, J.— Defendant pleaded payment, and attached what he claimed was the copy of a receipt signed by the payee for $150, to apply on the note described in plaintiff's petition. Replication under oath denying the payment and the execution of the receipt. The note was assigned to plaintiff by the administrator of the payee, and while he verified the replication on the 14th of September, 1858, the plaintiff did not attach his verification until after the commencement of the trial. Thereupon defendant moved for a continuance, based upon an affidavit to the effect that he knew of no person in this State, except his wife, by whom he could prove the payee's signature to the receipt. This motion was overruled, and very properly. A sufficient ground for the ruling is to be found in the fact, that while affiant states that he knows of no one in this State, by whom he can prove the desired fact, he fails to state that there is any person any where by whom he can prove it. A continuance was unnecessary, unless the evidence could be obtained, and this should appear affirmatively. He does not even state that he believes that he can obtain such testimony, if time should be given him.

II. When plaintiff offered the note, defendant objected to its introduction, "for the reason that plaintiff had not proved that Rosina Smith (the payee of the note), was dead; had not proved that the said Hay-

den (the person making the assignment), was administrator; nor that the note had been legally assigned; nor that it was the property of plaintiff," &c. All these objections were overruled. And as to them we only need remark that the record does not show what proof was introduced, and we cannot, therefore, say but that all these matters (assuming them to be necessary) were established. The assumption of the want of such proof, in the manner stated in this bill of exceptions, is not sufficient to warrant us in concluding that it was not made.

III. The court, however, held under the pleadings that the assignment was good to vest the right of action and property in the note in plaintiff, and that it was evident that the assignee was administrator, as set forth in the assignment. And this ruling is now relied upon as error. It is not denied that an administrator may assign a note payable to the decedent. In suing upon such note, the assignee is not required to make profert of the letters of administration, for they are not presumed to be in his possession, nor under his control. 1 Chitty's Pleadings, 420. But appellant insists that payee died; that letters were granted upon the estate, and the assignment of the note made in the State of New Hampshire; and that by the laws of that State such assignment is invalid. But here, again, the trouble is, that we do not know where any of these things occurred. The record does not disclose, and we are bound to presume, that they all took place within this State. The statutes of New Hampshire, therefore, have nothing to do with the case. Defendant does not deny the execution of the note, nor the assignment under oath. Under the law, as it stood at the time of this trial, it was not necessary, therefore, to prove either.

Affirmed.

*E. W. Eastman* for the appellant—*Huff & Thompson* and *C. C. Cole* for the appellee.